UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HENRI JOSEPH PLOVIE #243933,   )
                               )
            Plaintiff,         )   Case No. 2:05-cv-128
                               )
v.                             )   HON. RICHARD ALAN ENSLEN
                               )
VICTORIA JACKSON, *et al.*,    )
                               )   **ORDER DENYING MOTION**
            Defendants.        )   **FOR RECONSIDERATION**
                               )

Plaintiff Henri Joseph Plovie, a prisoner incarcerated at the Straits Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. This Court dismissed Plaintiff's complaint, in part, as failing to state a claim upon which relief may be granted on September 29, 2005. Plaintiff has filed a motion for reconsideration, which the Court construes as a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] The Court finds that the motion is timely. *See* FED. R. CIV. P. 60(b). After careful consideration, the Court will deny the motion.

Plaintiff claims that the Court erred in dismissing his due process claims. Plaintiff states that he is entitled to due process protection without regard to whether there is an underlying constitutionally-protected liberty interest. Plaintiff is incorrect. In order to pursue a due process claim in federal court, a prisoner must show that he has a liberty interest in the asserted deprivation. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). As noted in the Opinion dismissing this action, Plaintiff has failed to make such a showing.

---

[1] Plaintiff also does not meet the standard for reconsideration under Western District of Michigan Local Civil Rule 7.4(a).

In addition, the Substantive Due Process Clause does not provide any basis for relief. "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1952); *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir. 1993)); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). Plaintiff's allegations in this case fail to meet this formidable standard and, thus, he fails to state a claim that his substantive due process rights were violated.

Plaintiff states that the Court failed to address his claims against Defendants Denman, Verlin, Thomasini, Young, Quigley, and Sherman under the Privacy Act of 1974, 5 U.S.C. § 552a. In order to state a claim for money damages under the Privacy Act, Plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an adverse determination was made respecting Plaintiff. *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002). Plaintiff claims that Defendants Denman, Verlin, Thomasini, Young, Quigley, and Sherman failed to maintain accurate records and refused to remove the Notice of Intent from his file, despite the fact that he had been found not guilty of the underlying misconduct. However, because the proper defendant in a Privacy Act action is an agency and not individual employees, Plaintiff's Privacy Act claims against Defendants Denman, Verlin, Thomasini, Young, Quigley, and Sherman lack merit. *See Armstrong v. Bureau of Prisons,* 976 F. Supp. 17, 23, (D.D.C. 1997); *Adams v. Compton*, 2005 WL 2006975, slip op. 11 (W.D. Va. 2005).

Plaintiff claims that the court erred in dismissing his claims against Defendant inmate "Hercules" because such claims should have been granted pendent jurisdiction. However, pendent

party jurisdiction[2] exists only where Congress has affirmatively granted such jurisdiction. The Court notes that 42 U.S.C. § 1983 does not contain an affirmative grant of pendent party jurisdiction. *Meyers v. Trinity Med. Ctr.*, 983 F.2d 905, 907 (8th Cir. 1993)*; Sarmiento v. Texas Board of Veterinary Med. Exam'rs,* 939 F.2d 1242, 1248 (5th Cir. 1991).

The retained federal claim in this suit (First Amendment "retaliation") is unrelated to the state law assault claim against inmate "Hercules" such that the latter is not "so related" to the "case or controversy" withing the meaning of 28 U.S.C. § 1367(a). *See id.* Moreover, with regard to Plaintiff's remaining arguments in support of his motion, Plaintiff merely reasserts the claims set forth in his Complaint. For the reasons stated in the Opinion dismissing this action, Plaintiff's assertions lack merit. Accordingly, the Court will deny Plaintiff's motion as without merit. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 18) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
                     January 12, 2006  RICHARD ALAN ENSLEN
                                              SENIOR UNITED STATES DISTRICT JUDGE

---

[2]The statutory term under 28 U.S.C. § 1367 is "supplemental jurisdiction."